Jones, J.
It is stipulated in the lease that by no implication would the lessors’ obligation to rebuild attach “pending the beginning of occupancy on part of lessee.” The lessee never actually occupied the demised premises; they were occupied until the time of the fire by its tenant .the Mickler Brothers. Counsel for defendants in error insist, and the lower courts agreed with their contention, that no obligation to rebuild attached, as there was no beginning of occupancy on the part of the Mc-Crory company; that under the covenants of the lease the term “occupancy” was used and intended by the parties to mean actual or personal occupancy by the lessee.. Ordinarily the primary and normal meaning should be given to this term, unless it appears from the context of the whole instrument that the term “occupancy” should not be construed in its primary or restricted sense. Upon this feature *525 of construction, a large number of eases have been cited which are not specially helpful in the determination of this case. Among others which have been cited, and which are more pertinent than any others, are Morrow v. Brady, 12 R. I., 130, and Lane v. Nelson, 167 Pa. St., 602, wherein the term “occupancy” was construed as including a tenancy wherein the lessee was not in actual possession.
Construing the present instrument as a whole, and construing the clause in question in connection with the entire context, we are driven to the conclusion that the parties did not contemplate, by its use, a personal or actual occupancy by the lessee. Counsel seem to overlook the fact that what the parties had in mind was not so much the character of the occupancy as the time of occupancy. They were contracting with reference to rebuilding in case of fire; the tenancy of the lease did not begin for several years from the time of the execution of the lease; this was the period the clause was intended to cover, and this in a large measure was why the parties used the words “attach pending the beginning of occupancy on part of lessee.” Had the parties intended to restrict the rebuilding clause to the personal occupation of the premises by the McCrory company they would certainly have used some expression in the instrument confining the obligation to such personal occupancy. This was not done anywhere in the lease. Furthermore, that a personal occupancy on the part of the lessee was not contemplated is shown by the fact that the lessors had covenanted that the lessee could sublet and assign the premises with the written consent of the lessor.
*526 The lease was executed April 8,1914, its term was not to begin until September 1, 1918, a period of about four years and five months after the execution of the lease. This period was the essential thing the -lessors had in mind, that they should not be required- to- rebuild during this period of four years and five months; this was why' the peculiar language was used to the effect that they should not be required to rebuild “pending the beginning of occupancy on part of lessee.” Another feature that strengthens that view is that after the beginning of the term they were to receive more than double the rent received at. the time the léase was executed, and it could well be maintained that while the lessors did not desire to obligate themselves to rebuild when they were receiving but $4,500 annual rental, they might be willing to have that obligation attach at a time when they were receiving the sum of $10,000 annually, under a term extending for a period of twenty-five years.
Counsel for the lessors insist that the clause in question was made in view of the repairs and alterations to be made,- and that personal occupancy was contemplated because of the fact that these repairs were to be made for the special enjoyment of the McCrory company. This argument is a strained one. Pendency of the beginning of occupancy could have no relation to these repairs, because they could be made only after the beginning of occupancy. Besides, up until the time of the fire the personal occupancy of the lessee did not seem to be a vital matter, for the lessors had given their written consent for the subletting of these premises both before and after the beginning of the term.
*527 The judgments of the lower courts will therefore he reversed, and, since neither court heard or determined the questions arising upon the answer and cross-petition, that feature of the case will he remanded to the court of common pleas for further proceedings according to law. The answer and cross-petition of the McCrory company seeks either equitable relief or damages; neither was awarded plaintiff in error in the courts helow.

Judgment reversed.

Marshall, C. J., Hough, Wanamaker, Robinson and Matthias, JJ., concur.
Johnson, J., took no part in the consideration or decision of the case.